IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cr. No. C-02-252-4 |
| | § | |
| JUAN RAMIREZ, JR.. | § | |
| | § | |

## ORDER

Pending before the Court is Juan Ramirez, Jr.'s Motion for Correction of Sentence And/or Adjustment of Jail Time Credits Allowed in which he claims that he has not received proper credit for time served on his state and federal sentences. D.E. 268. For the reasons stated herein, the Court denies the motion without prejudice for lack of jurisdiction.

Ramirez pled guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute less than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). D.E. 100. He was sentenced in February 2003 to 120 months in the Bureau of Prisons, 5 years supervised release, and a $100 special assessment. D.E. 166. He did not appeal. In 2011, Ramirez filed a motion for a concurrent sentence requesting that his state sentences and federal sentence be run concurrently. D.E. 246, 249, 250. This Court denied the motion by Order of the Court dated October 18, 2011. D.E. 251.

Ramirez filed his current motion seeking credit for time that was not properly credited to him by the Texas Department of Criminal Justice that affected his federal sentence.

1

Because Ramirez seeks credit for jail time, the proper vehicle for raising such a challenge is a petition pursuant to 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a § 2241writ is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

A petition to challenge the BOP's calculation of sentencing credit pursuant to 28 U.S.C. § 2241 must be filed in the district where Ramirez is incarcerated. See Pack, 218 F.3d at 451. The return address on Ramirez' motion reflects that he is incarcerated in Pine Knot, Kentucky, which is located in the Eastern District of Kentucky. See 28 U.S.C. § 97(a). Thus, assuming Ramirez remains incarcerated in Pine Knot, Kentucky, he should file any § 2241 petition in that court, after first exhausting his administrative remedies.[1] Ramirez' motion is denied without prejudice to the filing of a petition for relief pursuant to § 2241.

---

[1] The law requires that a defendant exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court the matter of computation of sentence. United States v. Wilson, 503 U.S. 329, 335 (1992).

2

## CONCLUSION

For the foregoing reasons, Ramirez' motion seeking jail credit (D.E. 268) is DENIED WITHOUT PREJUDICE. The Clerk is instructed to send Ramirez forms to file a petition pursuant to 28 U.S.C. § 2241.

It is so ORDERED this 31st day of July 2013.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE