United States District Court
Southern District of Texas
**ENTERED**
October 07, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cr. No. 2:02-252-4 |
| | § | (CA. No. 2:16-272) |
| JUAN RAMIREZ, JR. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO
VACATE, SET-ASIDE OR CORRECT SENTENCE AND
DENYING A CERTIFICATE OF APPEALABILITY**

Juan Ramirez, Jr. (Ramirez) filed a motion vacate, set-aside or correct sentence

pursuant to 28 U.S.C. § 2255, a memorandum of law and a Motion to Remedy

Ineffective Assistance Of Counsel. D.E. 273, 274, 275. The Court has reviewed the §

2255 motion and concludes that summary dismissal is appropriate because "it plainly

appears from the motion . . . and the record of prior proceedings that the moving party is

not entitled to relief. . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the

United States District Courts (2016) (2255 Rules). For the reasons stated herein, the §

2255 motion is dismissed and Ramirez is denied a certificate of appealability.

## I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND AND CLAIMS

Ramirez was one of multiple defendants charged in a conspiracy to possess with

intent to distribute cocaine and methamphetamine in violation of 21 U.S.C. §§ 846,

1

841(a)(1), and 841(b)(1)(C). He and five others were indicted in two count Indictment in September 2002. D.E. 1. He made his initial appearance in federal court in October 2002. D.E. 69.      In November 2002, Ramirez pleaded guilty to Count Two pursuant to a plea agreement. D.E. 100. The Probation Department prepared a Presentence Investigation Report (PSR). Ramirez' base offense level was calculated based upon the quantity of cocaine and methamphetamine involved which was converted to its marijuana equivalent, of 1314 kilograms which resulted in an offense level of 32. PSR, ¶ 12. Probation added three levels for Ramirez' role as a manager/supervisor and after credit for acceptance of responsibility, Ramirez' total offense level was 32. *Id*., ¶ 21.

Ramirez had several criminal convictions that totaled five points and resulted in a criminal history category III. *Id*., ¶¶ 23-26. His sentencing guidelines range was 151 to 181 months with a minimum mandatory sentence of 120 months imprisonment.

Ramirez objected to enhancement for his role in the conspiracy. At sentencing, the government conceded that it could not obtain witness testimony to establish manager/supervisor role. The Court sustained Ramirez' objection to role. His offense level was reduced to 29 and his guideline range was reduced to 120 to 135 months imprisonment. The Court sentenced Ramirez to the statutory minimum sentence of 120 months, followed by five years supervised release, no fine, and a special assessment of $100. D.E. 166. The Court adopted the PSR as the findings of the Court, except for

manager/supervisor. Judgment was entered on the docket on February 19, 2003. Ramirez did not appeal.

Ramirez has filed several post-conviction motions seeking to run his sentence concurrently with a state sentence, for jail credit, and for retroactive adjustment to his sentence. D.E. 246, 249, 250, 268, and 271.

### III.   MOVANT'S CLAIMS

Ramirez challenges his sentence pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015), and seeks resentencing. His motion pursuant to Federal Rule of Criminal Procedure 60(b) (D.E. 275) complains that counsel "failed to apply mitigating factors that should have given him a sentence below the guidelines." He argues that his crime was not violent and his sentence is too long. He further argues that counsel failed to make a pretrial investigation, failed to file a bill of particulars, and did not file an appeal. He also claims the Indictment was deficient because it failed to allege mens rea. D.E. 275. The Court construes Ramirez' Rule 60(b) motion to be a supplement to his § 2255 motion.

### VI.   ANALYSIS

#### A.   28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise

subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B.    Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[1] 28 U.S.C. § 2255(f). The Fifth Circuit and the Supreme Court hold that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

Ramirez' judgment became final on March 5, 2003, ten business days after judgment was entered on the docket. *See* Fed. R. App. P. 4(b)(1) (amended eff. Dec. 2,

---

[1]   The statute provides that the limitations period shall run from the latest of:

(1) *the date on which the judgment of conviction becomes final*;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action,
(3) *the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review*; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (emphasis added).

4

2010). He was required to file his motion to vacate no later than one year from that date, or on or before March 5, 2004. Ramirez' motion was filed no earlier than June 16, 2016, the day on which the certificate of service is dated. Rule 3(d), 2255 Rules. Unless an exception applies to the standard limitations period, Ramirez mailed his motion more than twelve years too late.

### C.    *Johnson* **Claim**

Ramirez was sentenced to the statutory minimum sentence applicable to his drug trafficking conviction based solely on the drug quantity for which he was held responsible. 21 U.S.C. § 841(b)(1)(A). The *Johnson* court held that the residual clause defining crime of violence in 18 U.S.C. § 924(e) was unconstitutionally vague, but Ramirez was not sentenced or enhanced based upon a crime of violence. Although *Johnson* is retroactive, it has no application to Ramirez' sentence. Because *Johnson* does not provide relief to Ramirez, his motion is untimely and the Court may not adjudicate his claims on the merits.

### V.    CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Ramirez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Ramirez cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## VI.   CONCLUSION

For the foregoing reasons, Ramirez' motions (D.E. 273, 275, Cause No. 2:16-CV-272, D.E. 1) are DISMISSED with prejudice. Additionally, he is DENIED a Certificate of Appealability.

It is so ordered this 6th day of October, 2016.

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE

6